IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Pinder, :
: No. 23 C.D. 2014
                Petitioner : Submitted: July 18, 2014
:
          v. :
:
Workers' Compensation :
Appeal Board (Lucent Technologies), :
:
                Respondent :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN          FILED:  August 28, 2014


        Anthony Pinder (Claimant) petitions for review of the December 13, 2013, order of the Workers' Compensation Appeal Board (WCAB) that affirmed the decision of a workers' compensation judge (WCJ) to grant the modification petition filed by Lucent Technologies (Employer).  We affirm.

        On September 29, 1998, Claimant suffered a work-related injury to his left foot and ankle.  Employer issued a notice of compensation payable listing Claimant's injury as "a left foot sprain."  (WCJ's Findings of Fact, No. 2.)

In April 2008, Employer filed a termination petition alleging that Claimant had fully recovered from his work-related injury. Thereafter, Claimant filed a review petition to expand his work-related injury. The petitions were consolidated before a WCJ.

During the pendency of the consolidated petitions, Employer requested an impairment rating evaluation (IRE). William F. Bonner, M.D., examined Claimant on February 11, 2009, and concluded that Claimant had a 12-percent left lower extremity impairment and a 5-percent whole-body impairment. Based on the IRE, Employer filed the modification petition at issue on July 17, 2009. (WCJ's Findings of Fact, Nos. 4, 9.)

On December 17, 2009, the WCJ issued a decision on the consolidated petitions. The WCJ denied the termination petition, granted the review petition, and expanded Claimant's work injury to include a posterior tibial tendon tear and a ligament tear, which required surgery in 1999. (*Id*., No. 5.)

Thereafter, a different WCJ held a hearing on Employer's modification petition. Employer presented the IRE and Dr. Bonner's deposition testimony. Dr. Bonner testified that Claimant had a 12-percent left foot and ankle impairment and a 5- percent whole-body impairment under the American Medical Association's Guides to the Evaluation of Permanent Impairment, Sixth Edition (Guides). Dr. Bonner stated that on February 11, 2009, he took a history from Claimant, reviewed treatment records, and examined Claimant. Specifically, Dr. Bonner reviewed the January 27, 1999, surgical report of Keith I. Wapner, M.D., who operated to correct Claimant's

torn posterior tibial tendon.  Dr. Bonner observed that there had not been any significant change to Claimant's condition over a long period of time and concluded that Claimant had reached maximum medical improvement.  (*Id.*, Nos. 8-10.)

The WCJ credited Dr. Bonner's testimony that Claimant had reached maximum medical improvement as of the date of the IRE, and that Claimant's impairment rating was far below the 50-percent threshold.  (*Id.*, Nos. 9, 12.)  The WCJ found it significant that in the previously litigated consolidated petitions, the first WCJ found that Claimant had reached maximum medical improvement based on the medical testimony of Claimant's expert, Dr. Wapner.  (*Id.*, No. 11.)  The WCJ determined that Employer met its burden and granted the modification petition.  On appeal, the WCAB affirmed[1] and this appeal followed.[2]

On appeal, Claimant argues that the WCJ erred in relying on the IRE in granting the modification petition because Dr. Bonner did not consider all of Claimant's compensable injuries.  Specifically, because Dr. Bonner's IRE occurred on February 11, 2009, before the WCJ's December 17, 2009, decision that expanded Claimant's work injuries to include a posterior tibial tendon tear and a ligament tear resulting in surgical intervention, Claimant argues that Dr. Bonner could not have considered those additional injuries when he performed his IRE.

---

[1] The WCAB issued an opinion and order on December 9, 2013, affirming the WCJ's decision.  On December 13, 2013, the WCAB issued a modified opinion and order that corrected the pagination and headings in its December 9, 2013, opinion and order.

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

3

We initially observe that where, as here, an employer seeks to modify a claimant's disability benefits from total to partial based on an IRE requested more than 60 days after the payment of 104 weeks of total disability, the employer must prove that the claimant's impairment rating is less than 50 percent. *Diehl v. Workers' Compensation Appeal Board (I.A. Construction)*, 5 A.3d 230, 245 (Pa. 2010). Moreover, when conducting an IRE the examiner must first determine that the claimant has reached maximum medical improvement before an impairment rating can be determined. *Combine v. Workers' Compensation Appeal Board (National Fuel Gas Distribution Corporation)*, 954 A.2d 776, 780 (Pa. Cmwlth. 2008). The claimant's condition at the time of the IRE, not the condition before or after, governs the IRE's validity. *Westmoreland Regional Hospital v. Workers' Compensation Appeal Board (Pickford)*, 29 A.3d 120, 122 (Pa. Cmwlth. 2011) (*en banc*). "The IRE produces a snapshot of the claimant's condition at the time of the IRE, not a survey of the claimant's work-related injuries over a period of time." *Id.* at 128.

Here, Dr. Bonner testified that he obtained a history from Claimant and examined his lower left extremity. The examination revealed a restricted range of motion, atrophy, loss of longitudinal arch, and a slow gait. (Bonner Dep., 2/27/10, at 16.) Dr. Bonner also reviewed x-ray reports, magnetic resonance imaging reports, and the medical reports of Claimant's surgeon and treating physician, Dr. Wapner. (*Id.* at 17.) Dr. Bonner adopted the diagnosis given to Claimant by Dr. Wapner of status postoperative rupture of the tibial tendon with tibial tendon transfer. (*Id.* at 18-19.) Utilizing the Guides, Dr. Bonner opined that Claimant had reached maximum medical improvement and that he had a 12-percent impairment of the left foot and ankle and a 5-percent whole-body impairment. (*Id.* at 24.)

4

Contrary to Claimant's assertion, Dr. Bonner considered Claimant's expanded work-related injury based on his adoption of Dr. Wapner's diagnosis, which included a rupture of the tibial tendon with tibial tendon transfer. Dr. Bonner testified as to the degree of Claimant's impairment as of the date of the IRE, and the WCJ, as the fact finder and determiner of credibility, was free to accept Dr. Bonner's uncontested opinion. *See Rissi v. Workers' Compensation Appeal Board (Tony DePaul & Son)*, 808 A.2d 274, 278-79 (Pa. Cmwlth. 2002) (stating that this court will not re-weigh the evidence or substitute its judgment for that of the WCJ).

Claimant also argues that Dr. Bonner provided conflicting testimony regarding Claimant's impairment rating because the IRE report stated that Claimant had a 12-percent whole-body impairment, whereas Dr. Bonner testified that Claimant had a 5-percent whole-body impairment.

We initially observe that in a hearing on an employer's modification petition that seeks to change a claimant's disability status from total to partial, the IRE is merely one piece of evidence. *Diehl*, 5 A.3d at 41.

> [The IRE] is entitled to no more or less weight than the results of any other examination. The physician who performed the IRE is subject to cross-examination, and the WCJ must make appropriate credibility findings related to the IRE and the performing physician. The claimant, obviously, may introduce his own evidence regarding his degree of impairment to rebut the IRE findings.

*Id.* at 42.

5

Dr. Bonner testified that in performing the IRE, he examined Claimant and confirmed Claimant's diagnosis. Utilizing the Guides, Dr. Bonner placed Claimant in a class and positioned Claimant within that class after considering Claimant's functional history, the physical examination findings, and the clinical reports. (Bonner Dep., 2/17/10, at 18.) Dr. Bonner then calculated an impairment rating for the left lower extremity. According to Dr. Bonner, Claimant had a "12 percent [impairment] for the foot and ankle," and a 5-percent whole-body impairment. (*Id.* at 25.)

Dr. Bonner also stated that the IRE report contained a typographical error. (*Id.* at 23.) Dr. Bonner explained that using the correct calculation and taking into account adjustments, Claimant "moves from a C to a D. Then we look down and D now is 12 percent for -- and this where I made an error in that that's 12 percent for the lower extremity impairment." (*Id*. at 24.)

Although Claimant argues that the IRE was not properly performed, we reiterate that the WCJ determines the weight and credibility of the evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). Here, Dr. Bonner explained how he performed the IRE and the typographical error, and confirmed that the 12-percent impairment is for the left lower extremity and that the impairment rating was used to determine the 5-percent whole-body impairment. We conclude that the WCJ did not err in crediting Dr. Bonner's testimony and accepting his explanation.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Pinder,                 :
                                 : No. 23 C.D. 2014
               Petitioner    :
                                 :
          v.                    :
                                 :
Workers' Compensation       :
Appeal Board (Lucent Technologies),  :
                               :
             Respondent   :

## O R D E R

AND NOW, this 28<u>th</u> day of <u>August</u>, 2014, we hereby affirm the December 13, 2013, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge